**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Donovan, | No. CV-16-08236-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Northern Arizona Council of Governments, et al., | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment of Defendant Northern Arizona Council of Governments. (Doc. 30). For the following reasons, the Court grants the motion in part and remands the remaining state law claims.

## BACKGROUND

Plaintiff Loretta Donovan was employed by the Northern Arizona Council of Governments ("NACOG"). NACOG is a nonprofit organization that administers an early education program known as Head Start. Plaintiff worked as Center Director for NACOG's Prescott Valley Head Start program. Plaintiff alleges that she reported concerns about water damage and mold to her superiors throughout her employment. Eventually, on March 23, 2015, Plaintiff sent an email to her superiors expressing her concern about mold in writing. (Doc. 31, Ex. C). NACOG hired a company to test the center for mold on March 24, 2015. *Id.* at Ex. D. The company informed NACOG on March 31, 2015 that testing revealed no air quality concerns. *Id.* When NACOG officials visited the Prescott Valley center on April 3, 2015 to discuss the testing results, staff

members showed tiles which had a dark substance that resembled mold. *Id*. NACOG contacted a restoration company. *Id*. During restorations, NACOG closed the Prescott Valley center and reassigned staff to alternative worksites. *Id*.

Plaintiff alleges that on the morning of April 20, 2015, she received a phone call at the alternative worksite that informed her that her services were no longer needed and to leave the center. *Id.* at Ex. B, pp. 130–33. Plaintiff cannot state with certainty from whom she received the phone call. Plaintiff left the workplace and went home. After learning that Plaintiff believed she was terminated, NACOG's human resources director Cathy Steers attempted to contact Plaintiff and inform her that she had not been terminated. *Id*. at Ex. E. Plaintiff did not respond. Ms. Steers also sent a letter to Plaintiff informing her that she had not been terminated, but that if she did not return to work in three days, her absence would be viewed as a voluntary resignation. *Id*. at Ex. E. There are some disputes as to whether Plaintiff contacted or attempted to contact anyone at NACOG, and Plaintiff herself cannot recall precisely what she did or when she did it. *Id*. at Ex. B, pp. 134–40; *Id*. at Ex. E. Ms. Steer sent a letter on April 24, 2015 informing Plaintiff that NACOG viewed her continued absence as a voluntary resignation. *Id*. at Ex. E. Plaintiff brings this lawsuit alleging that she was wrongfully terminated as a result of her whistleblowing and complaints about the mold.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). When the nonmoving party "bear[s] the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## II.  Analysis

Plaintiff alleges that Defendant is a public employer and that her termination violated the Fourteenth Amendment. Plaintiff therefore brings a claim pursuant to 42 U.S.C. § 1983. Section 1983 only provides a cause of action against defendants who act under color of state law. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?") (quotations omitted). It is undisputed that Defendant is a nonprofit organization. As such, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Without "something more," an action by a private party is "not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 939 (1982). Plaintiff has made no showing that Defendant's actions can be attributable to the State. Although Defendant is governed by a Council comprised of public and private sector officials who are appointed by government officials, Defendant itself is not a government entity. The employees of Defendant are not government officials. Plaintiff has made no allegation that government officials were intimately involved with the operations of Defendant or that Plaintiff believed herself to be working closely with government officials.

Moreover, Plaintiff has not set forth what federal right Defendant allegedly violated. Section 1983 "provides a remedy 'against all forms of official violation of federally protected rights." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S.

103, 106 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 700–01 (1978)). Therefore, "the plaintiff must assert the violation of a federal right." *Golden State Transit Corp.*, 493 U.S. at 106. Plaintiff's Complaint only states that "[t]he acts described herein of the Defendant constitute a violation of § 1983 in that the Plaintiff was deprived of her rights, privileges or immunities secured by the constitution and federal and state laws." (Doc. 1, p. 38). Plaintiff's Response to the Motion for Summary Judgment also does not assert a specific federal right that was allegedly violated by Defendants. Plaintiff's general claims of unlawful discharge and constructive discharge do not identify a federal right. Even if these claims did constitute a violation of a federally protected right, they fail for additional reasons. At trial, Plaintiff will bear the burden of proof and has not established that she was in fact discharged. *Celotex Corp.*, 477 U.S. at 322–23. Plaintiff cannot identify who allegedly called her to tell her she was terminated, and she has not demonstrates that it was a representative of Defendant who did so, nor has Plaintiff presented any other evidence that she was in fact terminated by the Defendant except by her own failure to return to work. Defendant has presented evidence of multiple attempts to inform Plaintiff that she was not terminated. And, Plaintiff's argument that she was constructively discharged is raised for the first time in the Response to the Motion. A new theory of liability may not be added at the summary judgment phase as it "would prejudice the defendant who faces different burdens and defenses under this second theory of liability." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Plaintiff has not shown that Defendant was acting under color of state law or violated a federally protected right, and so the Court grants summary judgment to Defendant.

Plaintiff also alleges that she was wrongfully terminated in violation of the Arizona Employment Protection Act ("AEPA"). The AEPA provides that an employee has a claim against an employer if the employer "has terminated the employment relationship of an employee in violation of a statute of this state." A.R.S. § 23-

1501(A)(3)(b). Similarly, Plaintiff brings a claim for whistleblower retaliation.[1] Because the Court has granted summary judgment on the § 1983 jurisdiction-granting claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). Accordingly, the Court remands Plaintiff's state law claims in Counts I and II to the state court.

## CONCLUSION

Plaintiff cannot establish that Defendant was acting under color of state law, and so cannot bring a § 1983 claim. Because the Court dismisses Plaintiff's federal claim, the Court declines to exercise jurisdiction over the remaining state law claims and remands them to state court.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment (Doc. 30) of Defendant Northern Arizona Council of Governments is **GRANTED** in part as to Count III and **REMANDED** as to Counts I and II.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **REMAND** Counts I and II back to Yavapai County Superior Court and terminate this action.

Dated this 12th day of July, 2018.

Honorable G. Murray Snow
United States District Judge

---

[1] Plaintiff's Complaint contains no citation to an Arizona statute that provides a cause of action. Defendant's Motion for Summary Judgment notes that Plaintiff has provided no statutory basis for a whistleblowing retaliation cause of action. (Doc. 30, p. 6, n. 2). In Response, Plaintiff provides a lengthy excerpt of her deposition, but again provides no statute or case law. (Doc. 34, pp. 4–7). Plaintiff has failed to establish that a cause of action exists or that this claim is separate from the wrongful termination claim.